NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODRIGO LOPEZ-NEPOMUCENO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-71143 <br><br> Agency No. A088-737-159 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021[**]

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Rodrigo Lopez-Nepomuceno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Lopez-Nepomuceno failed to establish the harm he experienced was on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Substantial evidence also supports the agency's determination that Lopez-Nepomuceno failed to establish a clear probability of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (no clear probability of persecution where similarly situated family members were threatened but not otherwise harmed). Thus, Lopez-Nepomuceno's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Lopez-Nepomuceno failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Lopez-Nepomuceno's contentions that the agency erred in its analysis of his claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**